```
                    UNITED STATES DISTRICT COURT
                         DISTRICT OF NEVADA
                           RENO, NEVADA


DEBORAH WARREN,                    )    3:08-CV-0667-ECR-VPC
                                   )
     Plaintiff,                    )
                                   )    MINUTES OF THE COURT
vs.                                )
                                   )    DATE: January 4, 2011
SNAP-ON TOOLS COMPANY, LLC,        )
                                   )
     Defendant.                    )
                                   )

PRESENT:    EDWARD C. REED, JR.               U. S. DISTRICT JUDGE

Deputy Clerk:  COLLEEN LARSEN      Reporter:    NONE APPEARING

Counsel for Plaintiff(s)                       NONE APPEARING

Counsel for Defendant(s)                       NONE APPEARING
```

MINUTE ORDER IN CHAMBERS

On December 10, 2010, Defendant filed a Motion to Compel and for Sanctions (#58). It is uncontested that Defendant's request for discovery was mailed, emailed and faxed to Plaintiff on the date discovery was reopened in accordance with our Order (#48). In that Order (#48), we reopened discovery for a period of thirty days in accordance with Defendant's request in its previous motion for sanctions (#36). Plaintiff did not oppose reopening discovery, but failed to respond to Defendant's requests for discovery.

Plaintiff makes reference to Fed. R. Civ. P. Rule 33(b)(2), which provides that Plaintiff has thirty (30) days to respond to interrogatories. Plaintiff argues that the Rule would not require a response until after the discovery period had closed because service by mail is considered served three days after mailing. Plaintiff does not address the email and fax requests made on the date discovery was reopened. Plaintiff argues that Defendants' request for discovery could only have been timely if it had been hand delivered on the date our Order (#48) was filed. It appears the Court's Order (#48) limiting discovery to thirty days may have precipitated this problem. While Plaintiff's objection may be correct on a technical level, it impedes the administration of this case and belittles the Court's previous Order reopening discovery (#48).

**IT IS, THEREFORE, HEREBY ORDERED** that our previous Order (#48) is **VACATED** to the extent that it reopened discovery for a period of only thirty days.

**IT IS FURTHER ORDERED** discovery is extended for a period of sixty (60) days from the date of entry of this within order and Defendant should forthwith re-serve the interrogatories and requests for production.

**IT IS FURTHER ORDERED** that Defendant's Motion to Compel and for Sanctions (#58) is **GRANTED** on the basis that Plaintiff shall answer the interrogatories and present the requested documents unless non-frivolous objections can be made, or face sanctions.  Sanctions will not be awarded at this time, but any further attempts to frustrate the proceedings will not be excused.

LANCE S. WILSON, CLERK

By ____/s/_____
      Deputy Clerk
